IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

      Plaintiff,                       No. CIV S-05-1669 DFL KJM P

    vs.

SCOTT KERNAN,

      Defendant.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Based on the nature of plaintiff's claims, it is apparent he seeks relief under 42 U.S.C. § 1983; he also has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court notes that plaintiff's complaint is filed on the incorrect form, namely the court's form for use in filing a petition for writ of habeas corpus. The habeas corpus form does not call for all the information relevant to screening of a complaint filed under 42 U.S.C. § 1983. The court will therefore direct that plaintiff's complaint be dismissed with leave to file an amended complaint on the correct form. The court will direct the Clerk of the Court to send plaintiff the court's form-complaint for prisoner's alleging violations of their civil rights under 42 U.S.C. § 1983. Plaintiff's failure to file an amended complaint on the proper form, within thirty days, will result in a recommendation that this action be dismissed.

If plaintiff chooses to file an mended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, any amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned to file a concise pleading.  In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  It consists largely of immaterial background information."  The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants."  Id. at 1176.  As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiff filed in this case impose unfair burdens on litigants and judges."  Id. at 1179.

Any amended complaint must comply with the guidelines set forth above.

3

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. Plaintiff's request for leave to proceed in forma pauperis is granted.

3  2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

4  The fee shall be collected and paid in accordance with this court's order to the Director of the

5  California Department of Corrections filed concurrently herewith.

6  3. Plaintiff's complaint is dismissed.

7  4. Plaintiff is granted thirty days from the date of service of this order to file an

8  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

9  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

10  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

11  an original and two copies of the amended complaint; failure to file an amended complaint in

12  accordance with this order will result in a recommendation that this action be dismissed.

13  5. The Clerk of the Court is directed to send plaintiff the court's form complaint

14  for prisoners alleging violations of their civil rights under 42 U.S.C. § 1983.

15  DATED:  December 27, 2005.

17  _____
UNITED STATES MAGISTRATE JUDGE

22  1
bake1669.14(8.19.05)