IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

Plaintiff, No. CIV S-05-1669 JAM KJM P

vs.

SCOTT KERNAN, ORDER AND

Defendant. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a California prisoner proceeding pro se with an action for violation of his civil rights under 42 U.S.C. § 1983. Defendant is the former warden of California State Prison Sacramento (CSPS). This action is currently proceeding on plaintiff's claim that defendant violated plaintiff's Fourteenth Amendment right to equal protection of the law by subjecting him to more restrictive conditions of confinement because he is "Northern Hispanic." Several matters are before the court.

1. Plaintiff's July 26, 2007 Request To Withdraw Motion For Entry Of Default (#44)

On June 28, 2007, plaintiff filed a motion asking that defendant be held in default. On July 26, 2007, plaintiff requested that his motion be withdrawn. Good cause appearing, plaintiff's request will be granted.

/////

2. Plaintiff's July 26, 2007 Motion For Entry Of Default (#45)

On July 26, 2007, plaintiff filed a motion asking that defendant be held in default. On August 10, 2007, defendant was granted until September 5, 2007 to file his response to plaintiff's second amended complaint. Thus, plaintiff's July 26, 2007 motion for default judgment is moot.

3. Defendant's September 24, 2007 Motion To Dismiss (#54)

On May 8, 2007, the court screened plaintiff's second amended complaint under 28 U.S.C. § 1915A and found that the complaint states a cognizable claim for violation of the Equal Protection Clause of the Fourteenth Amendment against defendant. In his motion to dismiss, defendant seeks dismissal of claims the court already has screened out. Defendant also seeks dismissal of any claims brought by plaintiff on behalf of other inmates. However, no other plaintiffs have appeared in this action and, on June 15, 2007, the court denied plaintiff's request that this action proceed as a class action. Finally, defendant seeks dismissal of any claims accruing before plaintiff was transferred to CSPS. Again, because the court has identified the warden of CSPS as the only defendant in this action upon whom process would be served, any claims accruing before plaintiff arrived at CSPS have been screened out. For all of these reasons, defendant's motion to dismiss should be denied.

4. Plaintiff's October 16, 2007 Motion For Telephone Access, Increased Library Access And An Investigator (#56)

Plaintiff requests telephone access and asserts that he is prohibited from such access. It has been held that "prisoners have a First Amendment right to telephone access, subject to reasonable security limitations." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended on denial of rehearing, 135 F.3d 1318 (9th Cir. 1998) (citing Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)). If the limitations on access are reasonable, there is no First Amendment violation. Johnson v. Galli, 596 F. Supp. 135, 138 (D.Nev. 1984). Plaintiff alleges he lacks access to a telephone, but fails to specify the current limitations on his telephone

access or that the justifications for these limitations are unreasonable.  He asserts that telephone access is necessary to receive "public information," but fails to explain why the current means of receiving public information is insufficient.  The court is unable to grant plaintiff's request without further information as to the measures plaintiff has taken to secure access and the specific need for the telephone as opposed to other means of communication, such as letter-writing.

Plaintiff also requests increased access to the law library and asserts that the two hours per week he receives is insufficient to address his legal needs.  In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Court held that "the fundamental constitutional right of access to the courts requires . . . providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  However, there is no established minimum requirement that a state must meet in order to provide prisoners with adequate access to the courts.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  Moreover, a prisoner is not guaranteed unlimited access to a law library.  Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 856, 858 (9th Cir. 1985).  A court may order increased access to the library only if a prisoner's current access is so deficient as to deprive him his fundamental right of access to the courts.  Id. at 858-59.

Plaintiff currently receives two hours of library access per week and requests an extra day per week to meet his legal needs.  He does not explain why two hours per week is insufficient, nor does he specify why he requires an extra day at the library.  It cannot be said that his current access to the library is so deficient as to deprive him of his fundamental right of access to the courts.  Accordingly, plaintiff's request for increased access to the law library is denied.

/////
/////
/////
/////

Finally, plaintiff requests that the court appoint an investigator to assist plaintiff. However, plaintiff fails to point to any authority suggesting the court can do this or present any specific need for an investigator at this stage of plaintiff's case.

For all the foregoing reasons, plaintiff's October 16, 2007 request will be denied.

5. Plaintiff's March 3, 2008 Motion For Judgment On The Pleadings (#67)

Plaintiff has filed a motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." For purposes of Rule 12(c), the pleadings are closed once a complaint and answer have been filed (assuming, as is the case here, that no cross-claim or counter-claim is made). Doe v. U.S., 419 F.3d 1058, 1061 (9th Cir. 2005). Defendant filed a motion to dismiss on September 24, 2007, and is awaiting the court's decision regarding that motion before filing an answer. Because defendant has yet to file an answer, the pleadings are not closed as required by Rule 12(c). Accordingly, plaintiff's motion for judgment on the pleadings is premature and should be denied.

6. Plaintiff's June 12, 2008 Motion For Entry Of Default (#70)

Plaintiff filed yet another motion for entry of default judgment on June 12, 2008, asserting that defendant has failed to answer or otherwise defend this case. On September 24, 2007, defendant filed a motion to dismiss. Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The words "otherwise defend" have been held to include motions to dismiss. Hudson v. State of N. C., 158 F.R.D. 78 (E.D.N.C. 1994). Because defendant filed a timely motion to dismiss, plaintiff is not entitled to entry of default. Accordingly, plaintiff's motion for entry of default will be denied.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 26, 2007 request to withdraw his motion for entry of default (#44) is granted.

2. Plaintiff's June 28, 2007 motion for entry of default (#42) is deemed withdrawn.

3. Plaintiff's July 26, 2007 motion for entry of default (#45) is denied.

4. Plaintiff's motion for phone access, increased law library access and appointment of an investigator (#56) is denied.

5. Plaintiff's June 12, 2008 motion for entry of default (#70) is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendant's September 24, 2007 motion to dismiss (#54) be denied.

2. Defendant file his answer within twenty days of adoption of the foregoing findings and recommendations.

3. Plaintiff's March 3, 2008 motion for judgment on the pleadings (#67) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////
/////
/////
/////
/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2008.

U.S. MAGISTRATE JUDGE

1/rg
bake1669.57